UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEVEN SCHWARTZ )
)
              Plaintiff, )
)
vs. )
)
JAFFE & ASHER, LLP )
)
              Defendant. )
_____ )

Case No. **CV12-0045**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 03 2012 ★
BROOKLYN OFFICE

**COMPLAINT**

**Jury Trial Demanded**

WEXLER, J.

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, STEVEN SCHWARTZ ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Nassau, and City of Syosset.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, JAFFE & ASHER, LLP ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Specifically, Plaintiff's alleged obligation arose from a personal American Express account.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

12. In connection with collection of an alleged debt in default, Defendant Jaffe & Asher, LLP, sent Plaintiff written correspondence, dated September 15, 2011, in which Defendant failed to state that the letter was from a debt collector.

13. Additionally, in said September 15, 2011 written correspondence, Defendant failed to notify Plaintiff that said correspondence was an attempt to collect a debt and that any information obtained will be used for that purpose.

14. On October 11, 2011 at 2:16 P.M., Defendant called Plaintiff's telephone, and at such time, left the following voicemail message:

> "Steve, [inaudible] Jaffe and Asher 212-687-3000 extension 2539. Calling on American Express. Thank you."

15. In its voicemail message of October 11, 2011, Defendant failed to inform Plaintiff that the communication was from a debt collector.

16. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail message of October 11, 2011.

17. On October 12, 2011 at 12:13 P.M., Defendant called Plaintiff's telephone, and at such time, left the following voicemail message:

> "Steve, Jeffery [inaudible] Jaffe and Asher 212-687-3000. I haven't heard back from you. You were supposed to get back to me. Uh, on some sort of resolution on the American Express account. 212-687-3000."

18. In its voicemail message of October 12, 2011, Defendant failed to inform Plaintiff that the communication was from a debt collector.

19. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail message of October 12, 2011.

20. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692(d)(6)

21. Plaintiff repeats and re-alleges each and every allegation contained above.

22. Defendant violated 15 U.S.C. § 1692(d)(6) by placing a telephone call without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692(d)(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

25.  Plaintiff is entitled to and hereby demands a trial by jury.

This 29 day of DEC , 2011.


ATTORNEYS FOR PLAINTIFF
*STEVEN SCHWARTZ*

Respectfully submitted,

_____
Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

***Weisberg & Meyers, LLC***
80 Broad Street, 5th Floor
New York, NY 10004

***Please send correspondence to the address below***

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012